USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK CARBONE,

                Petitioner,      06 Civ. 5710 (JGK)

      - against -             MEMORANDUM OPINION AND
                                             ORDER
RAYMOND J. CUNNINGHAM,
SUPERINTENDENT, WOODBOURNE
CORRECTIONAL FACILITY

                Respondent.

JOHN G. KOELTL, District Judge:

      The petitioner, Frank Carbone, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to vacate a 1991 conviction in the New York State Supreme Court, Bronx County that was used to enhance his sentence on a subsequent conviction. The respondent now moves to dismiss the petition on the grounds that the petition is time-barred under the one year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). For the reasons explained below, the motion to dismiss is granted.

I.

      The petitioner was convicted of burglary in the second degree on his plea of guilty in New York State Supreme Court, Bronx County, on April 22, 1991, and was sentenced

1

as a second violent felony offender to four to eight years in prison.[1] On April 25, 1991, the petitioner filed a notice of appeal with the New York State Supreme Court, Appellate Division, First Department, but withdrew the appeal in June 1992. After absconding from a work-release program, the petitioner was arrested in Queens County on August 11, 1994 and charged with second-degree burglary and related charges. On December 18, 2001, the petitioner was convicted on his guilty plea to one count of burglary in the second degree in New York State Supreme Court, Queens County, and sentenced as a persistent violent felony offender to eight years to life imprisonment. On January 4, 2002, the petitioner was admitted to Downstate Correctional Facility pursuant to the Queens County conviction. The conviction was affirmed by the Appellate Division on April 19, 2004. People v. Carbone, 774 N.Y.S.2d 805 (App. Div. 2004), lv. denied, 816 N.E.2d 572 (N.Y. 2004). The petitioner challenged the Queens County conviction by filing a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York in September 2004. The petition was denied on March 16, 2005, Carbone, a/k/a Ascanio v. Allard,

---

[1] The factual background for the motion is contained in the affidavit of Eldar Mayouhas, dated March 21, 2007, and the supporting documents, and is undisputed.

2

No. 04 Civ. 03891 (E.D.N.Y. Mar. 16, 2005), and the United States Court of Appeals for the Second Circuit denied a certificate of appealability on November 18, 2005. Carbone v. Allard, No. 05-2162-pr (2d Cir. Nov. 18, 2005).

In February 2005, the petitioner moved pursuant to New York Criminal Procedure Law § 440.10 to vacate his 1991 Bronx County conviction. That motion was denied on September 14, 2005, People v. Ascanio, Ind. No. 2516/91 (N.Y. Sup. Ct. Sept. 14, 2005), and leave to appeal was denied on May 23, 2006. People v. Ascanio, Ind. No. 2516/91 (N.Y. App. Div. May 23, 2006). The Pro Se Office of this Court received the current petition challenging the Bronx County conviction on July 6, 2006. The petition is dated "June 2006." The petition challenges the Bronx County conviction on the following grounds: 1) the local criminal court lacked jurisdiction to accept the petitioner's felony plea, 2) the petitioner's waiver of indictment form was deficient because it did not include the appropriate caption, 3) the petitioner's waiver of indictment was unconstitutional because it was not signed in open court, and 4) the court violated the petitioner's Due Process rights by rendering its decision before he had an opportunity to respond to opposition papers. In an Order dated July 28, 2006, Chief Judge Mukasey of this

Court noted that, among other issues, the petition may be untimely pursuant to 28 U.S.C. § 2244(d) and directed the petitioner to submit an amended petition showing any extraordinary circumstances that prevented him from filing the petition earlier. In response, the petitioner filed an amended petition on August 16, 2006, claiming that his petition should not be time-barred because he could not have anticipated the enactment of the Anti-Terrorism and Effective Death Penalty Act, he could not have anticipated the use of his Bronx County conviction to enhance the sentence he received pursuant to his subsequent Queens County conviction, and he was led to believe that he would not be able to challenge the conviction in federal court once released to a work-release program. The respondent now moves to dismiss the petition as untimely and to deny the claim of equitable tolling.

II.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, imposes a one-year statute of limitations on an application for a writ of habeas corpus by a petitioner in custody pursuant to a state court judgment. This one-year period generally runs from the date on which the judgment became final by the

conclusion of direct review or the expiration of time to seek review. 28 U.S.C. § 2244(d)(1)(a). If the judgment of conviction became final prior to April 24, 1996, the effective date of the enactment of AEDPA, a petitioner is entitled to a one-year grace period in which to file. Hence, petitions are not barred by the one-year limitations period if filed on or before April 24, 1997. Ross v. Artuz, 150 F.3d 97, 102-3 (2d Cir. 1998).

The petitioner's Bronx County conviction became final following the withdrawal of his direct appeal in 1992. Because this occurred prior to the enactment of AEDPA, the petitioner had until April 24, 1997 to file a timely petition. The initial petition is dated "June 2006" and was received by the Court on July 6, 2006, over nine years after the expiration of the statute of limitations. Because the petitioner is a prisoner proceeding pro se, a petition for habeas corpus is considered to have been filed on the date it was given to prison officials for mailing. Adeline v. Stinson, 206 F.3d 249, 251 n.1 (2d Cir. 2000) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)). Given the "June 2006" date on the petition, it could not have

been delivered for mailing prior to June 1, 2006, making it untimely with respect to the April 24, 1997 deadline.[2]

III.

A.

In "rare and exceptional circumstances," the court may excuse an otherwise time-barred petition under the doctrine of equitable tolling. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). In order to qualify for equitable tolling, the petitioner must establish that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Extraordinary circumstances warranting equitable tolling have been found only in a limited range of situations involving factors beyond the control of the petitioner. See Doe v. Menefee, 391 F.3d 147, 159-60 (2d Cir. 2004); Smaldone v. Senkowski, 273 F.3d 133, 138 (2d

---

2 The petition is not timely simply because it was filed within one year of the denial of leave to appeal the denial of petitioner's § 440.10 motion to vacate his conviction. The time during which a properly filed application for state post-conviction or other collateral review with respect to a judgment is pending is not counted toward the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). However, the petitioner's motion was filed after the one-year statute of limitations had already expired, and an application for collateral state relief "does not reset the date from which the one-year statute of limitations begins to run" under 28 U.S.C. § 2244(d)(1). Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

Cir. 2001); see also Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) (finding extraordinary circumstances meriting equitable tolling where attorney conduct went beyond mere error so as to be outrageous and incompetent); Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000) (noting that extraordinary circumstances exist when prison officials intentionally prevent the petitioner from timely filing a petition).

The petitioner puts forth three explanations for the late filing of his petition, none of which constitute the extraordinary circumstances required for equitable tolling. The petitioner first contends that he could not have anticipated the enactment of AEDPA and the time limitations it imposed on habeas corpus petitions. However, because the petitioner has already benefited from the one-year grace period granted by Ross, this cannot constitute an extraordinary circumstance for the purposes of equitable tolling. Ross, 150 F.3d at 102-3; see also Smaldone, 273 F.3d at 138 (attorney's mistaken understanding of AEDPA time limitations was insufficient to create the extraordinary circumstances required for equitable tolling).

The petitioner also asserts that his petition was not filed in a timely manner because "law clerks" led him to

7

believe that any federal claim would be moot when he was placed on work release pursuant to his Bronx County conviction. The identity of the law clerks or the capacity in which they advised the petitioner is unclear. However, reliance on erroneous advice from a prison law clerk, or even an attorney, does not create the extraordinary circumstances required for equitable tolling. Smaldone, 273 F.3d at 138 (noting that the Court of Appeals has found attorney error inadequate to create the extraordinary circumstances needed for equitable tolling); Urena v. Brown, No. 06 Civ. 3163, 2007 WL 3284646, at *2 (S.D.N.Y. Nov. 5, 2007) (equitable tolling not warranted where the petitioner's explanation for delay was erroneous advice from an inmate legal library clerk); Gonzalez-Ramos v. United States, No. 05 Civ. 3974, 2007 WL 1288634, at *10 (S.D.N.Y. May 2, 2007) (equitable tolling not warranted where the petitioner alleged that prison law clerks failed to inform him of the timeliness requirements for filing).

More generally, a pro se petitioner's ignorance of the law has been held insufficient to create the extraordinary circumstances required for equitable tolling of AEDPA. See, e.g., Williams v. Breslin, No. 03 Civ. 1848, 2004 WL 2368011, at *6 (S.D.N.Y. Oct. 20, 2004) (finding that a lack of legal knowledge cannot excuse delay in filing a

believe that any federal claim would be moot when he was placed on work release pursuant to his Bronx County conviction. The identity of the law clerks or the capacity in which they advised the petitioner is unclear. However, reliance on erroneous advice from a prison law clerk, or even an attorney, does not create the extraordinary circumstances required for equitable tolling. Smaldone, 273 F.3d at 138 (noting that the Court of Appeals has found attorney error inadequate to create the extraordinary circumstances needed for equitable tolling); Urena v. Brown, No. 06 Civ. 3163, 2007 WL 3284646, at *2 (S.D.N.Y. Nov. 5, 2007) (equitable tolling not warranted where the petitioner's explanation for delay was erroneous advice from an inmate legal library clerk); Gonzalez-Ramos v. United States, No. 05 Civ. 3974, 2007 WL 1288634, at *10 (S.D.N.Y. May 2, 2007) (equitable tolling not warranted where the petitioner alleged that prison law clerks failed to inform him of the timeliness requirements for filing).

More generally, a pro se petitioner's ignorance of the law has been held insufficient to create the extraordinary circumstances required for equitable tolling of AEDPA. See, e.g., Williams v. Breslin, No. 03 Civ. 1848, 2004 WL 2368011, at *6 (S.D.N.Y. Oct. 20, 2004) (finding that a lack of legal knowledge cannot excuse delay in filing a

post-conviction petition); Wilson v. Bennett, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) (stating that ignorance of the law has been rejected by courts as an extraordinary circumstance for the purposes of equitable tolling of AEDPA).

The petitioner finally alleges that he could not have anticipated his arrest and conviction in Queens County and the use of the earlier Bronx County conviction to enhance his sentence. However, after being sentenced as a persistent offender pursuant to the Queens County conviction in December 2001, the petitioner cannot have been in doubt as to the effect of his previous conviction on a subsequent sentence. It is thus clear that whether or not this explanation would rise to the level of extraordinary circumstances, it cannot explain the continued delay in challenging the Bronx County conviction between the petitioner's Queens County sentencing in December 2001 and his § 440.10 motion challenging the Bronx County conviction in February 2005.

B.

The petitioner has also failed to show that he acted with reasonable diligence, making equitable tolling

unwarranted even if extraordinary circumstances had existed. Because the petitioner did not challenge the Bronx County conviction until 2005 when he filed a § 440.10 motion, he faces a high burden in establishing that he acted diligently throughout the entire period that must be tolled for his habeas petition to be considered timely. See Cross v. McGinnis, No. 05 Civ. 504, 2006 WL 1788955, at *4 (S.D.N.Y. June 28, 2006)("Given the seven-and-a-half years which Cross seeks to toll, his burden to show…that he acted with reasonable diligence throughout this period is extremely high."); Mateos v. West, 357 F. Sup. 2d 572, 577 (E.D.N.Y. 2005) ("[A]s the petitioner seeks to equitably toll 1318 days of the limitations period, the petitioner's burden to demonstrate he acted with reasonable diligence throughout the entire period is particularly high.").

The petitioner alleges that he made repeated attempts to obtain records needed to challenge his conviction during the period he seeks to toll. (Pet'r Letter, April 4, 2007.) However, the petitioner's efforts to obtain records did not begin until August 2002, more than five years after the April 24, 1997 statute of limitations deadline. Moreover, the petitioner even waited eight months after the Bronx County conviction was used to enhance the sentence

received pursuant to his Queens County conviction in December 2001. See, e.g., Jimenez v. Phillips, No. 04 Civ. 10155, 2006 WL 118369, at *3 (S.D.N.Y. Jan. 16, 2006) (five-month cessation of communication between petitioner and attorney indicates lack of reasonable diligence); Castro v. Poole, No. 04 Civ. 6930, 2005 WL 1538212, at *2 (S.D.N.Y. June 30, 2005) (nine months of unexplained inaction after a failed attempt to file a petition indicates lack of reasonable diligence).

III.

For the foregoing reasons, the respondent's motion to dismiss the petitioner's petition for a writ of habeas corpus is **granted**. Accordingly, the petition is **denied**.

The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because the petitioner has failed to make a substantial showing of the denial of a constitutional right. The Clerk is directed to enter judgment in favor of the respondent and to close this case.

**SO ORDERED.**

Dated: New York, New York
November 27, 2007

John G. Koeltl
United States District Judge

11