**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
──────────────────────────────────────────
**FRANK CARBONE, et al.,**
                    Petitioner

                                            **06 Civ. 5710 (JGK)**
          - against -

                                            **MEMORANDUM OPINION**
**RAYMOND CUNNINGAM,**                       **AND ORDER**
                    Respondent.
──────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

By order and judgment dated November 27, 2007 and entered on this Court's civil docket on November 28, 2007, the petitioner's petition for habeas corpus was denied and this action was dismissed. On January 16, 2008 the Court's Pro Se Office received a motion for an extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5) from the petitioner. For the following reasons, the petitioner's motion is **granted**.

Fed. R. App. P. 4(a)(5) provides that in a civil case, a motion for an extension of time to file a notice of appeal must be filed no later than 30 days after the expiration of the 30 day period in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A), (5)(A)(i). The Court "lacks [the subject matter] jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day 'grace period.'" Cohen v. Empire Blue Cross & Blue Shield, 142 F.3d 116, 118 (2d Cir. 1998)(per curiam).

The November 27, 2007 order and judgment were entered on the Court's civil docket on November 28, 2007. On December 14, 2007, the plaintiff sent a letter to the Court requesting instructions as to how to appeal the judgment and made a motion for reconsideration of the November 27, 2007 order. The Court denied the motion for reconsideration on January 3, 2008 and requested that the Pro Se Office provide the petitioner with all necessary forms for appeal. Under Fed. R. App. P. 4(a)(1)(A) the petitioner had, at the latest, until January 28, 2008 to file a timely notice of appeal, because the last day of the period, January 27, 2008, falls on a Sunday. See Fed. R. App. P. 26(a)(3) (when determining the last day of a period described in the Federal Rules of Appellate Procedure, a Saturday, Sunday, or legal holiday is not included). Thus, it appears that the petitioner's motion for an extension of time to file a notice of appeal, brought under Fed. R. App. P. 4(a)(5), is timely, because it was dated January 16, 2008 and received by the Pro Se office on January 22, 2008.

Fed. R. App. P. 4(A)(5)(ii) requires that a movant show excusable neglect or good cause why such a motion should be granted. By letter to the Court dated December 14, 2007 and again in his motion for an extension of time to appeal, the petitioner advised the Court that he is terminally ill with liver cancer and was hindered from understanding all of the

complex issues involved in an appeal because of his medication. The petitioner further has demonstrated a good faith effort to file a timely notice of appeal. He requested information as to how to appeal on December 14, 2007. By the time the petitioner received the information from the Pro Se Office, the initial 30 day deadline to appeal under Fed. R. App. P. 4(a)(1)(a) had passed, and the petitioner properly filed a timely motion for an extension.

## CONCLUSION

Accordingly, the petitioner's motion for an extension of time to file a notice of appeal, brought under Fed. R. App. P. 4(a)(5), is **granted**. The petitioner's time to file a notice of appeal is extended ten days from the date of this order. See Cohen, 142 F.3d at 118. The petitioner has attached a document entitled "Notice of Appeal." The Court therefore directs the Clerk to file that Notice of Appeal which is timely. The Court notes, however, that because this Court has denied a certificate of appealability, the document entitled "Notice of Appeal" will be treated as an application to the Court of Appeals to grant a certificate of appealability. See Fed. R. App. Pro. 22(b)(2); Smith v. Duncan, 411 F.3d 340, 346 (2d Cir. 2005).

SO ORDERED.

Dated: New York, New York
February //, 2008

John G. Koeltl
United States District Judge