UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

FRANK CARBONE, A/K/A STEVE ASCANIO,

              Petitioner,

    - against -

RAYMOND J. CUNNINGHAM,

              Respondent.
─────────────────────────────────────

06 Civ. 5710 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

    The Court has received a Rule 60(b) motion. The respondent should respond to this motion by **January 30, 2012**. The petitioner should reply by **February 20, 2012.**

    In their papers, the parties should address whether the Rule 60(b) motion should be considered on the merits or instead treated as a second or successive habeas petition. See, e.g., Gonzalez v. Crosby, 545 U.S. 524, 538 (2005) ("We hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction."); Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) ("[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction.").

The parties should also address whether, if the Court concludes that any portion of the Rule 60(b) motion should be construed as attacking the underlying criminal conviction, the best course of action is for the Court to transfer the motion to the Court of Appeals as a second or successive habeas petition after providing notice to that effect to the petitioner, or instead to consider the motion on the merits, denying as beyond the scope of Rule 60(b) any portions of the motion which attack the underlying criminal conviction. See, e.g., Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002); Harris, 367 F.3d at 82; Peace v. United States, No. 05 Civ. 1854, 2011 WL 2471067, at *2 (S.D.N.Y. June 21, 2011).

SO ORDERED.

Dated:   New York, New York
         December 22, 2011

John G. Koeltl
United States District Judge

2