```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------
FRANK CARBONE, A/K/A STEVE ASCANIO,

                Petitioner,              06 Civ. 5710 (JGK)

     - against -                         OPINION AND ORDER

RAYMOND J. CUNNINGHAM,

                Respondent.
--------------------------------
```

**JOHN G. KOELTL, District Judge:**

Pro se petitioner Frank Carbone, a/k/a Steve Ascanio, filed this motion pursuant to Federal Rule of Civil Procedure 60(b)(4) seeking reconsideration of this Court's prior judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons explained below, the petitioner's motion is denied.

**I.**

On April 22, 1991, the petitioner pleaded guilty and was convicted of Burglary in the Second Degree in Bronx County and was sentenced to a prison term of four to eight years. Amended Petition at ¶¶ 1-5, Carbone v. Cunningham, No. 06 Civ. 5710 (S.D.N.Y. Aug. 16, 2006), ECF No. 4. On August 11, 1994, after absconding from a work release program, the petitioner was arrested for Burglary in the Second Degree in Queens County and, on December 18, 2001, was sentenced to a prison term of eight

1

years to life as a persistent violent felony offender.  The conviction was affirmed by the Appellate Division on April 19, 2004.  People v. Carbone, 774 N.Y.S.2d 805 (App. Div. 2004).

On July 6, 2006, the Pro Se Office of this Court received petitioner's petition for a writ of habeas corpus challenging the Bronx County conviction.  Petition for Writ of Habeas Corpus at 2, Carbone v. Cunningham, No. 06 Civ. 5710 (S.D.N.Y. July 28, 2006), ECF No. 2.  The petitioner raised the following claims: (1) the waiver of indictment was unconstitutional because it was not signed in open court; (2) the local criminal court lacked jurisdiction to take his felony plea; (3) the waiver of indictment form was unconstitutionally deficient because it did not contain a "court caption/title," Supreme Court Information number, date, and place of offense; and (4) the state court violated his due process rights by rendering a decision before petitioner had an opportunity to reply to the People's opposition papers.  Id. at 4.

On July 28, 2006, former Chief Judge Mukasey directed petitioner to "submit an amended petition alleging facts demonstrating what state judgment of conviction he is presently 'in custody' for, whether that subsequent state judgment of conviction was enhanced by the above mentioned April 22, 1991 judgment of conviction, and whether that subsequent state judgment of conviction is the one that petitioner actually

2

wishes to challenge in the instant action." Order at 3, Carbone v. Cunningham, No. 06 Civ. 5710 (S.D.N.Y. July 28, 2006), ECF No. 3. The Court further noted the petition "may be untimely" pursuant to 28 U.S.C. § 2244(d) and directed the petitioner to allege facts demonstrating why it was not untimely. Id. at 4, 6.

In response to this Court's direction, the petitioner filed an amended petition with the same substantive claims. In addition, however, the petitioner explained that the petition is not time-barred, because he "could not anticipate the Antiterrorism and Effective Death Penalty Act of 1996," his new arrest, or that the Bronx County conviction would enhance his sentence for the Queens County Conviction. Amended Petition at ¶ 14, Carbone v. Cunningham, No. 06 Civ. 5710 (S.D.N.Y. Aug. 16, 2006), ECF No. 4. The petitioner further blamed unspecified law clerks who told him that upon entering a work-release program, his "federal appeal" would become moot. Finally, the petitioner noted that when he violated his Bronx County parole, he still owed ten months on that sentence. Id.

On March 27, 2007, the respondent moved to dismiss the amended petition as time-barred pursuant to 28 U.S.C. § 2244(d)(1), because the petition was filed well beyond the one-year grace period allowed following the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") enactment in 1996.

3

Motion to Dismiss, Carbone v. Cunningham, No. 06 Civ. 5710 (S.D.N.Y. Mar. 27, 2007), ECF No. 11.  In an order dated November 28, 2007, this Court granted the motion to dismiss the petition as untimely.  Carbone v. Cunningham, No. 06 Civ. 5710, 2007 WL 4205821 (S.D.N.Y. Nov. 28, 2007).

In his papers dated December 8, 2011, the petitioner now moves for reconsideration of the November 27, 2007 order denying his amended petition.  The petitioner argues the order denying his petition "was inconsistent with due process of law and the letter and spirit of habeas corpus."  The petitioner restates the grounds alleged in the original petition and contends this Court should not have dismissed the petition without holding an evidentiary hearing.

**II.**

A motion made pursuant to Rule 60(b) must "be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  To determine whether the party has filed the Rule 60(b) motion within a "reasonable time," the Court "must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay."  PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983).[1]  Here, the petitioner filed

---

[1] Furthermore, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York

4

the present motion more than four years after the Court denied his habeas petition and does not provide any reason for the delay. Courts in the Second Circuit have routinely held that shorter periods of time are unreasonable. See, e.g., Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (motion for reconsideration filed three and a half years after entry of judgment was untimely); Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) (Rule 60(b)(6) motion filed eighteen months after judgment was untimely); Malik v. Mackey, No. 03 Civ. 580, 2009 WL 255861, at *1 (S.D.N.Y. Jan. 30, 2009) (motion for reconsideration filed two years after entry of judgment was untimely). The petitioner's motion for reconsideration was not filed within a reasonable time and is therefore untimely.

**III.**

Moreover, the petitioner's motion is without merit. The petitioner argues that the state court did not have jurisdiction to convict him and that due process precludes dismissal on statute of limitations grounds. However, a Rule 60(b) motion for reconsideration is not a "second or successive habeas petition and should therefore be treated as any other motion under Rule 60(b)." See Rodriguez, 252 F.3d at 198. A Rule

---

require that a notice of motion for reconsideration shall be served within "fourteen (14) days after the entry of the judgment." Local Rule 6.3.

5

60(b) motion has a "different objective[]" than a habeas petition. Id. Rule 60(b) relief is available only when the motion "attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004).[2]

The standard for granting a Rule 60(b) motion is strict and the petitioner is required to demonstrate "'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)).

Here, the petitioner's request for habeas relief was denied because the petitioner failed to file the petition within the statute of limitations established by AEDPA. 28 U.S.C. § 2244(d)(1). AEDPA requires that a habeas petition be filed within one year of the state court judgment. If the state court judgment was entered on or before April 24, 1996, the effective date of AEDPA, the petitioner is entitled to a one-year grace period. Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998). The petitioner filed his habeas petition over nine years after the expiration of the applicable statute of limitations. In the

---

[2] The petitioner argues that the Bronx County conviction was invalid for lack of jurisdiction. However, as Harris makes clear, Rule 60(b) motions cannot challenge the "underlying criminal conviction." 367 F.3d at 77. It is clear that this Court had jurisdiction to consider and dismiss the petitioner's petition for habeas relief under 28 U.S.C. § 2254.

present motion for reconsideration, the petitioner fails to identify any error at all in the Court's prior ruling and no extraordinary circumstances that would justify vacating the prior dismissal of the petitioner's petition. See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Accordingly, the petitioner's motion filed pursuant to Rule 60(b)(4) is denied.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit.

For the reasons explained above, the petitioner's motion for reconsideration is **denied**. The Clerk is directed to close Docket No. 33.

The Court declines to issue a certificate of appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right," pursuant to 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated:   New York, New York
         April 26, 2012

                                    John G. Koeltl
                                    United States District Judge