UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗

FRANK CARBONE, A/K/A STEVE ASCANIO,

                   Petitioner,               06 Civ. 5710 (JGK)

       - against -               OPINION AND ORDER

RAYMOND J. CUNNINGHAM,

                   Respondent.
‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗

JOHN G. KOELTL, District Judge:

Pro se petitioner Frank Carbone, a/k/a Steve Ascanio, filed this motion pursuant to Federal Rule of Civil Procedure 60(b)(4) seeking reconsideration of this Court's prior judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  For the reasons explained below, the petitioner's motion is denied.

I.

On April 22, 1991, the petitioner pleaded guilty and was convicted of Burglary in the Second Degree in Bronx County and was sentenced to a prison term of four to eight years.  Amended Petition at ¶¶ 1-5, Carbone v. Cunningham, No. 06 Civ. 5710 (S.D.N.Y. Aug. 16, 2006), ECF No. 4.  On August 11, 1994, after absconding from a work release program, the petitioner was arrested for Burglary in the Second Degree in Queens County and, on December 18, 2001, was sentenced to a prison term of eight

1

years to life as a persistent violent felony offender.  The
conviction was affirmed by the Appellate Division on April 19,
2004.  People v. Carbone, 774 N.Y.S.2d 805 (App. Div. 2004).

On July 6, 2006, the Pro Se Office of this Court received
petitioner's petition for a writ of habeas corpus challenging
the Bronx County conviction.  Petition for Writ of Habeas Corpus
at 2, Carbone v. Cunningham, No. 06 Civ. 5710 (S.D.N.Y. July 28,
2006), ECF No. 2.  The petitioner raised the following claims:
(1) the waiver of indictment was unconstitutional because it was
not signed in open court; (2) the local criminal court lacked
jurisdiction to take his felony plea; (3) the waiver of
indictment form was unconstitutionally deficient because it did
not contain a "court caption/title," Supreme Court Information
number, date, and place of offense; and (4) the state court
violated his due process rights by rendering a decision before
petitioner had an opportunity to reply to the People's
opposition papers.  Id. at 4.

On July 28, 2006, former Chief Judge Mukasey directed
petitioner to "submit an amended petition alleging facts
demonstrating what state judgment of conviction he is presently
'in custody' for, whether that subsequent state judgment of
conviction was enhanced by the above mentioned April 22, 1991
judgment of conviction, and whether that subsequent state
judgment of conviction is the one that petitioner actually

2

wishes to challenge in the instant action."  Order at 3, Carbone

v. Cunningham, No. 06 Civ. 5710 (S.D.N.Y. July 28, 2006), ECF

No. 3.  The Court further noted the petition "may be untimely"

pursuant to 28 U.S.C. § 2244(d) and directed the petitioner to

allege facts demonstrating why it was not untimely.  Id. at 4,

6.

In response to this Court's direction, the petitioner filed

an amended petition with the same substantive claims. In

addition, however, the petitioner explained that the petition is

not time-barred, because he "could not anticipate the

Antiterrorism and Effective Death Penalty Act of 1996," his new

arrest, or that the Bronx County conviction would enhance his

sentence for the Queens County Conviction.  Amended Petition at

¶ 14, Carbone v. Cunningham, No. 06 Civ. 5710 (S.D.N.Y. Aug. 16,

2006), ECF No. 4.  The petitioner further blamed unspecified law

clerks who told him that upon entering a work-release program,

his "federal appeal" would become moot.  Finally, the petitioner

noted that when he violated his Bronx County parole, he still

owed ten months on that sentence.  Id.

On March 27, 2007, the respondent moved to dismiss the

amended petition as time-barred pursuant to 28 U.S.C. §

2244(d)(1), because the petition was filed well beyond the one-

year grace period allowed following the Anti-Terrorism and

Effective Death Penalty Act's ("AEDPA") enactment in 1996.

Motion to Dismiss, Carbone v. Cunningham, No. 06 Civ. 5710

(S.D.N.Y. Mar. 27, 2007), ECF No. 11.  In an order dated

November 28, 2007, this Court granted the motion to dismiss the

petition as untimely.  Carbone v. Cunningham, No. 06 Civ. 5710,

2007 WL 4205821 (S.D.N.Y. Nov. 28, 2007).

In his papers dated December 8, 2011, the petitioner now

moves for reconsideration of the November 27, 2007 order denying

his amended petition.  The petitioner argues the order denying

his petition "was inconsistent with due process of law and the

letter and spirit of habeas corpus."  The petitioner restates

the grounds alleged in the original petition and contends this

Court should not have dismissed the petition without holding an

evidentiary hearing.


**II.**

A motion made pursuant to Rule 60(b) must "be made within a

reasonable time."  Fed. R. Civ. P. 60(c)(1).  To determine

whether the party has filed the Rule 60(b) motion within a

"reasonable time," the Court "must scrutinize the particular

circumstances of the case, and balance the interest in finality

with the reasons for delay."  PRC Harris, Inc. v. Boeing Co.,

700 F.2d 894, 897 (2d Cir. 1983).[1]  Here, the petitioner filed

---

[1] Furthermore, the Local Rules of the United States District
Courts for the Southern and Eastern Districts of New York

the present motion more than four years after the Court denied

his habeas petition and does not provide any reason for the

delay.  Courts in the Second Circuit have routinely held that

shorter periods of time are unreasonable.  See, e.g., Rodriguez

v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (motion for

reconsideration filed three and a half years after entry of

judgment was untimely); Truskoski v. ESPN, Inc., 60 F.3d 74, 77

(2d Cir. 1995) (Rule 60(b)(6) motion filed eighteen months after

judgment was untimely); Malik v. Mackey, No. 03 Civ. 580, 2009

WL 255861, at *1 (S.D.N.Y. Jan. 30, 2009) (motion for

reconsideration filed two years after entry of judgment was

untimely).  The petitioner's motion for reconsideration was not

filed within a reasonable time and is therefore untimely.


**III.**

Moreover, the petitioner's motion is without merit.  The

petitioner argues that the state court did not have jurisdiction

to convict him and that due process precludes dismissal on

statute of limitations grounds.  However, a Rule 60(b) motion

for reconsideration is not a "second or successive habeas

petition and should therefore be treated as any other motion

under Rule 60(b)."  See Rodriguez, 252 F.3d at 198.  A Rule

---

require that a notice of motion for reconsideration shall be
served within "fourteen (14) days after the entry of the
judgment."  Local Rule 6.3.

60(b) motion has a "different objective[]" than a habeas

petition.  Id.  Rule 60(b) relief is available only when the

motion "attacks the integrity of the previous habeas proceeding

rather than the underlying criminal conviction."  Harris v.

United States, 367 F.3d 74, 77 (2d Cir. 2004).[2]

     The standard for granting a Rule 60(b) motion is strict and

the petitioner is required to demonstrate "'extraordinary

circumstances' justifying the reopening of a final judgment."

Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann

v. United States, 340 U.S. 193, 199 (1950)).

     Here, the petitioner's request for habeas relief was denied

because the petitioner failed to file the petition within the

statute of limitations established by AEDPA.  28 U.S.C. §

2244(d)(1).  AEDPA requires that a habeas petition be filed

within one year of the state court judgment.  If the state court

judgment was entered on or before April 24, 1996, the effective

date of AEDPA, the petitioner is entitled to a one-year grace

period.  Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998).  The

petitioner filed his habeas petition over nine years after the

expiration of the applicable statute of limitations. In the

---

[2] The petitioner argues that the Bronx County conviction was
invalid for lack of jurisdiction. However, as Harris makes
clear, Rule 60(b) motions cannot challenge the "underlying
criminal conviction."  367 F.3d at 77.  It is clear that this
Court had jurisdiction to consider and dismiss the petitioner's
petition for habeas relief under 28 U.S.C. § 2254.

present motion for reconsideration, the petitioner fails to identify any error at all in the Court's prior ruling and no extraordinary circumstances that would justify vacating the prior dismissal of the petitioner's petition.  See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).  Accordingly, the petitioner's motion filed pursuant to Rule 60(b)(4) is denied.

## CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed, the arguments are either moot or without merit.

For the reasons explained above, the petitioner's motion for reconsideration is **denied**.  The Clerk is directed to close Docket No. 33.

The Court declines to issue a certificate of appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right," pursuant to 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated:    New York, New York
          April 26, 2012

                              John G. Koeltl
                              United States District Judge

7